UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIELLE BRAZZIEL, an individual, and )
ARYION BRAZZIEL, an individual, )
                                 )   Case No.
         Plaintiffs,    )   Hon.
                                 )
   v.                         )
                                 )
CITY OF DETROIT, a Michigan )
municipality, BRIELLE WOODS, in his )
individual capacity, and MICHAEL STONE, )
in his individual capacity, )
                                 )
         Defendants. )

_____ /

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.net

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____ /

## COMPLAINT AND JURY DEMAND

Plaintiff Danielle Brazziel and Aryion Brazziel, files this Complaint and Jury Demand against Defendants Detroit police officers, Brielle Woods and Michael Stone and the City of Detroit, a Michigan municipality, and says:

1.      In the late evening of April 15, 2023, Plaintiff Danielle Brazziel and her adult daughter Aryion Brazziel, were at their home on Ward Avenue in the City of Detroit, Michigan when Defendant Detroit Police Officers Brielle Woods and Michael Stone, without legal justification or excuse, shot and killed their kind, good-natured, well-trained family dog right in front of them. Plaintiff Danielle Brazziel and her adult daughter Aryion Brazziel, file this civil action in order to vindicate the violation of her *Fourth Amendment* rights against unlawful seizures and excessive force pursuant to *42 USC §1983*.

2.      Plaintiff Danielle Brazziel is an individual who resides in the City of Detroit, Michigan, which is located in this Judicial District.

3.      Plaintiff Aryion Braziel is an individual who resides in the City of Detroit, Michigan, which is located in this Judicial District.

4.      Defendant Brielle Woods is a sworn police officer who works for the City of Detroit Police Department and resides and/or transacts business in this Judicial District.

2

5.      Defendant Michael Stone is a sworn police officer who works for the City of Detroit Police Department who resides and/or transacts business in this Judicial District.

6.      Defendant City of Detroit is a Michigan municipal corporation which operates the City of Detroit Police Department which is located and transacts business in this Judicial District.

7.      Defendant Woods is not entitled to qualified or any other immunity because he knowingly and intentionally violated Plaintiff's clearly established *Fourth Amendment* rights to which any reasonable officer would have known. He is being sued in his individual capacity.

8.      Defendant Stone is not entitled to qualified or any other immunity because he knowingly and intentionally violated Plaintiff's clearly established *Fourth Amendment* rights to which any reasonable officer would have known. He is being sued in his individual capacity.

9.      The incidents, events and transactions which form the basis of this Complaint took place in the City of Detroit, Wayne County, Michigan.

10.     Venue is proper in this Court pursuant to *28 USC §§1391(a)(1)* and *(2)* since the events giving rise to this claim all occurred in Wayne County, Michigan which is located within this District.

11.     Jurisdiction is proper pursuant to *28 USC §§1343(a)(3)* and *1331* and *42 USC §1983.*

## COMMON FACTUAL ALLEGATIONS

12.     Plaintiffs Danielle Brazziel and Aryion Brazziel reallege each paragraph above, word for word.

13.     On April 15, 2023, Plaintiffs and their family's small dog, a 3-year-old mix named "Bane" were at the family's residence on Ward Avenue in the City of Detroit.

14.     Shortly before midnight, Defendant officers Woods and Stone were in their patrol car when they were assigned a general service call at Plaintiffs' residence for a report of unruly teenagers. Plaintiff had placed the call at 10:21 pm, and the call had gone unanswered for over an hour and 40 minutes.

15.     Defendant officers Woods and Stone exited their patrol car outside of Plaintiff's home and knocked on the front door.

16.     A few moments later, Plaintiffs, and dog Bane, walked along the home's driveway, from the rear yard to the front of the home in order to greet Defendants Woods and Stone, who were standing with flashlights in the home's front yard.

17.     Defendant Stone became startled by the small dog which excitedly ran around a tree by the sidewalk, when without warning or legal justification, Defendant Stone drew his service revolver and senselessly fired multiple shots, some

of which struck and killed Bane in front of the horrified Plaintiff and her minor daughter.

18.    Defendant Woods failed to intervene to prevent the violation of Plaintiff's *Fourth Amendment* rights.

19.    Plaintiffs were startled, horrified, shocked, terrified, and confused by Defendant Stone's wanton disregard for their family, the family dog and the general safety of innocent citizens and property in the immediate area.

## COUNT I

### UNLAWFUL SEIZURE IN VIOLATION OF THE *FOURTH AMENDMENT* PURSUANT TO *42 USC §1983*

20.    Plaintiffs Danielle and Aryion Brazziel reallege each paragraph above, word for word.

21.    The *Fourth Amendment* to the U.S. Constitution guarantees citizens, like Plaintiff, a clearly established right to be free from "unreasonable searches and seizures" by governmental officials. *U.S. Const. Amend IV*.

22.    Defendants Woods and Stone violated Plaintiffs clearly established *Fourth Amendment* rights when they shot and killed Plaintiffs' family dog, Bane, without legal excuse or justification.

23.    As a direct and proximate result of Defendant Woods' and Stone's violation of Plaintiffs' clearly established federal rights, Plaintiff suffered the following injuries, including, but not limited to, shock, horror, fear, emotional and

mental distress, embarrassment, anguish, humiliation, anxiety anger, loss of the enjoyments of life, pain and suffering, restrictions on her freedoms and liberties, aggravation of pre-existing conditions and other non-economic injuries which may continue up to and through the date of this litigation.

24.    In addition to the compensatory, emotional, economic, consequential, and special damages available, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under *42 USC § 1983,* in that the actions of each of these individual Defendants were cruel, horrifying, malicious, willful or with reckless or wanton disregard of Plaintiff's constitutional rights.

**ACCORDINGLY,** Plaintiffs Danielle Brazziel and Aryion Brazziel asks this Court to enter a judgment against Defendants Woods and Stone, jointly and severally, in their individual and official capacities, including costs, interest, statutory attorney fees, punitive damages and all other relief allowed by *42 USC §1988* and any other relief the Court deems just.

<u>COUNT II</u>

**MONELL CLAIM AGAINST THE CITY OF DETROIT**

25.    Plaintiffs Danielle Brazziel and Aryion Brazziel realleges each paragraph above, word for word.

26.    At the time of the constitutional deprivations discussed above, Defendant City of Detroit had an illegal policy or custom of violating the *Fourth*

*Amendment* rights of citizens, like Plaintiffs, by conducting unlawful searches and/or seizures and killing of pets, like Plaintiff and her family were treated in this case.

27.    At the time of the constitutional deprivations described above, the City of Detroit failed to properly train its officers in the constitutional parameters of the *Fourth Amendment.*

28.    At the time of the constitutional deprivations described above, the unconstitutional acts and omissions of the Defendant Detroit police officers was ratified by an official with final decision-making authority (i.e., the Chief of Police) and a custom of acquiescence and tolerance to the Departments long-standing practice of unlawful seizure of property, as Plaintiff was treated in this case.

29.    As a direct and proximate result of Defendant City of Detroit's unlawful conduct, Plaintiff suffered anxiety, fear, anguish, horror, shock, degradation, indignity, depression, mental distress, loss of the enjoyments of life, out of pocket expenses, and other economic and non-economic damages that will continue beyond this litigation.

**ACCORDINGLY**, Plaintiffs seeks judgment against Defendant City of Detroit, for damages in whatever amount in excess of this Court's jurisdictional limits to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages as permitted under *42 USC §§ 1983, 1985* and *1988.*

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
Date:  January 29, 2025                   313-964-1702

## JURY DEMAND

Plaintiffs Danielle Brazziel and Aryion Brazziel hereby demand a jury trial in

the above captioned matter.

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
Date:  January 29, 2025                   313-964-1702

8